Filed 3/27/15  P. v. Rosemond CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C074674 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F06434) |
| v. | |
| DEMAR RUDY ROSEMOND, | |
| Defendant and Appellant. | |

A jury found defendant Demar Rudy Rosemond guilty of possession of methamphetamine.  (Health & Saf. Code, § 11377, subd. (a).)  The trial court later found true allegations that defendant was previously convicted of three serious or violent felonies (Pen. Code, §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C)).  Defendant moved the court to strike a prior strike conviction; his motion was denied.  The trial court then sentenced defendant to a term of 25 years to life in state prison.

Defendant's sole claim on appeal is that the trial court abused its discretion in permitting impeachment evidence of his prior convictions for voluntary manslaughter (Pen. Code, § 192, subd. (a)) and attempted murder (Pen. Code, §§ 664/187).

We conclude that defendant has forfeited this claim.  Accordingly, we affirm.

1

## DISCUSSION

Defendant contends that voluntary manslaughter is "not necessarily a crime of moral turpitude" and therefore inadmissible for impeachment purposes. He also argues the court abused its discretion in refusing to sanitize his prior convictions because the convictions were remote in time, not helpful in evaluating his honesty, too dissimilar from the current crimes with which he was charged, and highly prejudicial.

Defendant, however, failed to preserve these contentions for appeal because he did not raise them below. (*People v. Marks* (2003) 31 Cal.4th 197, 228 [specific grounds for objecting to admission of prior convictions for impeachment were forfeited because they were not raised at trial].) As noted in defendant's opening brief, defendant "moved in limine to *identify whether* the prosecution intended to impeach [defendant] with prior convictions" (italics added), and the People moved to impeach defendant with three specific convictions, a 1990 attempted robbery, a 1992 voluntary manslaughter, and a 1992 attempted murder. Defendant filed no written opposition to this motion and offered no oral argument at the hearing on the motion.

Defendant's only reference to impeachment evidence is in his own trial brief, and it fails to raise any of these specific claims:

"In the event defendant elects to testify, he *will seek exclusion* of any mention of his prior conduct or convictions pursuant to *People v. Castro* (1985) 38 Cal.3d 301. Only crimes of moral turpitude are admissible for impeachment. The court must then weigh prejudice against probative value. (Evid. Code, § 352.) Courts should be guided by such factors as remoteness or recency, similarity between the prior offense and the current charges, and whether impeachment will influence the defendant's decision to testify. [Citations.]

"The prosecution has not indicated whether it desires to impeach defendant using any alleged prior convictions, charges or conduct. If the People intend to introduce any

2

such evidence against him, defendant requests a hearing on the issue prior to commencement of trial." (Italics added.)

At the hearing on the motions in limine, the trial court identified the prior convictions the People wanted to use as impeachment evidence. The court then asked the People whether they wanted "to be heard further on [their] request to advise the jury of those if [defendant] testifies[.]" The People did not wish to be heard further. When the court asked defense counsel, counsel replied, "Submit it." Thus, although defendant stated an intent to "seek exclusion" of his prior convictions in his trial brief, he never actually moved the court to exclude these prior convictions, and failed to raise any of the specific claims he raises on appeal. Defendant has, therefore, forfeited this contention on appeal.

## DISPOSITION

The judgment is affirmed.

                                                                         __MURRAY__, J.

We concur:

__NICHOLSON__, Acting P. J.

__MAURO__, J.

3